**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES -- GENERAL**

| | |
|---|---|
| Case No.   **CV 25-2771-JFW(Ex)** | Date:  December 19, 2025 |

Title:       Harold Pick -v- Motorola Solutions, Inc., et al.

---

**PRESENT:**
           **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| Shannon Reilly | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

**ATTORNEYS PRESENT FOR PLAINTIFFS:**         **ATTORNEYS PRESENT FOR DEFENDANTS:**
                    None                                                                                None

**PROCEEDINGS (IN CHAMBERS):**     **ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED**

   On March 30, 2025, Plaintiff Harold Pick ("Pick") filed a Complaint against Defendants Motorola Solutions, Inc. ("Motorola") James A. Kay, Jr. ("Kay") (collectively, "Defendants").  On July 11, 2025, Plaintiff filed a First Amended Complaint ("FAC") against Defendants, alleging causes of action for: (1) independent action to relieve a party from a judgment, order or proceeding – 2015 and 2023 renewals of judgment (alleged against Motorola); (2) declaratory judgment (alleged against Motorola and Pick); and (3) independent action to relieve a party from a judgment, order, or proceeding – underlying action (alleged against Motorola).[1]

   On August 13, 2025, pursuant to a stipulation by the parties, the Court entered an Order dismissing without prejudice Motorola from this action.  As a result, the only remaining claim in this action is Plaintiff's second cause of action for declaratory relief against Kay.

   The Declaratory Judgment Act, 28 U.S.C. § 2201, provides in relevant part:

   In a case of actual controversy within its jurisdiction . . . any court of the United

---

   [1] . In both the Complaint and the FAC, Plaintiff alleges that "[f]ederal jurisdiction arises pursuant to section 1331 of [T]itle 28 of the United States Code, as the underlying judgment in *Motorola Inc. v. Pick*, 2:04-cv-02655 arose from a federal question; and an independent action to set aside a prior judgment should be tried in the court that entered the prior judgment."  Complaint, ¶ 14; FAC, ¶ 14.  In addition, Plaintiff alleges that "[f]ederal jurisdiction over all causes of action further arises pursuant to section 1332 of [T]itle 28 of the *United States Code*, because there is complete diversity between the parties and the amount in controversy exceeds $75,000."  Complaint, ¶ 15; FAC ¶ 15.

States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

28 U.S.C. § 2201(a).  An equitable remedy, declaratory judgment is intended to adjudicate "the parties' rights and obligations on a matter in dispute regardless of whether claims for damages or injunctive relief have yet arisen."  *Garner v. Nationwide Mut. Ins. Co.*, 2011 WL 2118845, at *4 (E.D. Cal. May 27, 2011); *see also Thompson v. Residential Credit Solutions, Inc.*, 2012 WL 1565688, at *5 (E.D. Cal. May 2, 2012) (explaining that the declaratory judgment act provides an equitable form of relief, but does not provide an independent cause of action).

In assessing whether to exercise its discretion to entertain a declaratory relief claim over which it possesses subject matter jurisdiction, district courts apply the factors set out in *Brillhart v. Excess Ins. Co.*, 316 U.S. 491 (1942).  The Ninth Circuit has explained that "[t]wo issues are presented to the district court" when it assesses whether it may and should exercise jurisdiction over an action for declaratory judgment.  *American States Ins. Co. v. Kearns*, 15 F.3d 142, 143 (9th Cir. 1994).  Prior to hearing a case under the Declaratory Judgment Act, a Court must first determine if there is "an actual case or controversy within the meaning of Article III, section 2 of the United States Constitution."  *Gov't Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1222 (9th Cir.1998) (*citing Aetna Life Ins. Co. of Hartford v. Haworth*, 300 U.S. 227, 239–40 (1937)).  "A 'controversy' in this sense must be one that is appropriate for judicial determination."  *Aetna Life Ins. Co. of Hartford*, 300 U.S. at 240–41.  The Court must find that there is a "real and substantial controversy admitting of specific relief."  *Id*.  "Absent a true case or controversy, a complaint solely for declaratory relief under 28 U.S.C. § 2201 will fail for lack of jurisdiction under Rule 12(b)(1)."  *Rhoades v. Avon Prods., Inc.*, 504 F.3d 1151, 1157 (9th Cir. 2007).  In addition, "if there is a case or controversy within its jurisdiction, the court must decide whether to exercise that jurisdiction."  *American States Ins.*, 15 F.3d at 143-44.  In assessing whether to exercise its discretion to entertain a declaratory relief claim over which it possesses subject matter jurisdiction, district courts apply the factors set out in *Brillhart v. Excess Ins. Co.*, 316 U.S. 491 (1942).  "The district court should avoid needless determination of state law issues; it should discourage litigants from filing declaratory actions as a means of forum shopping; and it should avoid duplicative litigation."  *Gov't Employees Ins. Co. v. Dizol,* 133 F.3d 1220, 1225 (9th Cir. 1998).

Accordingly, the parties are ordered to show cause, in writing, on or before **December 23, 2025,** why the Court should not decline to exercise its discretion to entertain Plaintiff's declaratory judgment claim against Kay and dismiss this action.  No oral argument on this matter will be heard unless otherwise ordered by the Court.  *See* Fed. R. Civ. P. 78; Local Rule 7-15.  The Order to Show Cause will stand submitted upon the filing of the response to the Order to Show Cause.  Failure to respond to the Order to Show Cause will result in the dismissal of this action.

IT IS SO ORDERED.